```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**CHARLES A. CHAMBERS,**

                  **Plaintiff,**

     v.                                        CASE NO. 07-3291-SAC

**CHARLES S. OSBURN, et al.,**

                  **Defendants.**

## O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Winfield Correctional Facility in Winfield, Kansas. Also before the court is plaintiff's "affidavit of poverty" which the court liberally construes as plaintiff's request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

A prisoner seeking to bring a civil action or appeal without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). The court finds the motion filed by plaintiff does not satisfy these requirements, and grants plaintiff additional time to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915. *See also* D.Kan. Rule 9.1(g)(court form to be used by prisoner seeking leave to proceed in forma pauperis).

A prisoner must also submit a certified copy of the inmate's

institutional account for the six months immediately preceding the filing of the action or appeal from an appropriate official from each prison in which the inmate is or was incarcerated. 28 U.S.C. § 1915(a)(2). Plaintiff has not yet submitted this required information. The failure to do so in a timely manner may result in the denial of plaintiff's motion for leave to proceed in forma pauperis, and the dismissal of this action without prejudice based upon plaintiff's failure to either pay the $350.00 district court filing fee, or comply with the statutory requirements for obtaining leave to proceed in forma pauperis without prepayment of that fee.

Plaintiff's motion for service of summons (Doc. 3) is denied without prejudice at this time. Once plaintiff's motion for leave to proceed in forma pauperis is resolved, the court must first screen the complaint and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff also seeks recusal of the undersigned judge (Doc. 4). Plaintiff cites the dismissal of plaintiff's separate habeas action by the undersigned judge, and voices his concern that his appeal to the Tenth Circuit Court of Appeals from that decision renders the undersigned judge unable to fairly and impartially decide the instant complaint. *See* Chambers v. State of Kansas, Case No. 07-3136-SAC (D.Kan. October 4, 2007)(petition dismissed without prejudice), appeal dismissed (10th Cir. February 8, 2008).

"To prevail on a motion under 28 U.S.C. § 144 to recuse a judge, the litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice.

2

Similarly, to obtain disqualification under 28 U.S.C. § 455, a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality, and rumor, speculations, opinions and the like do not suffice." Green v. Branson, 108 F.3d 1296 (10th Cir. 1997)(citations omitted). A judge is under as much obligation not to recuse when there in no reason to do so. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Here, plaintiff complains only of a prior adverse ruling against him and his appeal therefrom. These are not appropriate grounds for recusal or disqualification. See Green, 108 F.3d at 1305. Plaintiff's motion for recusal is denied.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915, which is supported by the certified financial records required under 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff's motion for service of summons (Doc. 3) is denied without prejudice, and that plaintiff's motion for recusal (Doc. 4) is denied.

The clerk's office is to provide plaintiff with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 26th day of February 2008 at Topeka, Kansas.

    s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge